UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20031-CR-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**LOUIS ADAM KRAMER**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Louis Adam Kramer's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). [ECF No. 133]. The Court has reviewed the Motion and the record is otherwise fully advised. For the following reasons, the Motion is denied.

**I.**    **BACKGROUND**

Defendant Louis Adam Kramer is a 42-year-old male currently incarcerated at the Federal Correctional Institution Memphis ("FCI Memphis") with a projected release date of March 28, 2025.[1] On October 25, 2019, Defendant pled guilty to Conspiracy to Import Marijuana in violation of 21 U.S.C. § 963 ("Count I") and Importation of Marijuana in Violation of 21 U.S.C. § 952(a) ("Count II"). [ECF No. 115]. The Court sentenced Defendant to a term of imprisonment of 84 months for Counts I and II to be followed by four years' supervised release. *Id.* Defendant has served approximately one-third of his sentence.

---

[1] Defendant was housed at FCI Coleman Medium when he filed his Motion. [ECF No. 133-1].

1

Defendant's criminal history includes several felony convictions for grand theft, possession of controlled substances (cocaine, heroin, cannabis, and oxycodone), and possession of a firearm by a convicted felon. [ECF No. 109 at 9-22]. He also has many misdemeanor convictions, including two convictions for driving under the influence. *Id*. at 11.

On September 28, 2020, Defendant made a request with the Bureau of Prisons ("BOP") for home confinement pursuant to the CARES Act, citing the possible impact of COVID-19 on his health. [ECF No. 133-1]. On October 2, 2022, the request was denied because (1) his medical history did not indicate he was terminally ill and needed assistance with daily living activities; (2) he had a pattern score of High (recidivism); and (3) he did not serve 50% or more of his sentence. *Id.* at 8. Defendant made a second request on October 5, 2020, which was denied by the Warden of his facility for the same reasons. *Id.* at 2.

On February 16, 2021, Defendant filed the Motion asking this Court to grant his request for compassionate release and reduce his sentence. [ECF No. 113]. Defendant alleges that, in light of the recent COVID-19 pandemic, his underlying health issues constitute extraordinary and compelling circumstances that warrant compassionate release. Defendant's alleged medical conditions include "emphysema, anxiety disorder, bipolar [disorder], high blood pressure, and obesity." *Id.* at 8-9. Alternately, he requests that this Court order the BOP to place him in home confinement. [ECF No. 136 at 1].

II.     **LEGAL STANDARD**

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) factors support Defendant's compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

**III.   DISCUSSION**

The Court denies the Motion for Compassionate Release because (1) the § 3553(a) factors do not support Defendant's release and (2) Defendant fails to present extraordinary and compelling reasons warranting his release.[2]

---

[2] Defendant's alternate request to be placed in home confinement is also denied. The Court lacks the authority to order BOP to place Defendant in home confinement. *See* 18 U.S.C. § 3621(b).

3

### A.     Exhaustion of Administrative Remedies

Defendant filed his requests for compassionate release with the warden of FCI Coleman. [ECF 133-1 at 5, 9]. As he has received a timely response denying his request, the Court finds that Defendant has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.     18 U.S.C. § 3553(a) Factors

The Court finds that the § 3553(a) factors do not support a modification of Defendant's sentence. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

The Court considered these § 3553(a) factors at the time of sentencing and concluded that a term of seven years' imprisonment and four years' supervised release was appropriate in this case. Defendant has not provided a new and convincing basis—aside from alleged medical conditions—supporting a modification of his sentence based upon § 3553(a) factors. *See United States v. Bueno-Sierra*, 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. Jun. 1, 2020) (holding defendant's medical condition and the COVID-19 outbreak—the only basis for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification supported by § 3553(a) factors); *see also United States v. Post*, 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the

information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). The Court thus finds that the § 3553(a) factors do not support a modification of Defendant's sentence.

### C. "Extraordinary and Compelling Reasons" under § 3582(c)

The Court also finds that Defendant has failed to establish extraordinary and compelling reasons warranting his early release. Though undefined in the statute, extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Conditions of the Defendant.**

> (ii) The Defendant is--
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. In response to the pandemic, the Centers for Disease Control and Prevention (the "CDC") delineates several conditions and risk factors that increase the risk of contracting COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 9, 2022). Conditions identified include cancer, kidney disease, heart conditions, and obesity. *Id.*

Defendant argues that his medical issues—emphysema, anxiety disorder, bipolar disorder, high blood pressure, and obesity—put him at an increased risk of complications from COVID-19, thus creating an extraordinary and compelling reason warranting his compassionate release. [ECF

No. 113 at 8-9]. The Court disagrees. "[A] compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). Aside from his alleged obesity,[3] Defendant's alleged conditions have not been deemed to put him at a greater risk of complications from COVID-19. Moreover, Defendant is fully vaccinated. *See* [ECF No. 135-2 at 12]. This renders his concerns about COVID-19 moot as the vaccine has been shown to protect against serious COVID-19 infections. *See United States v. Harris*, 18-20939-CR, 2021 WL 2019543, at *1 (S.D. Fla. May 4, 2021) (denying the defendant's motion for compassionate release on the grounds of extraordinary and compelling reasons, due in part to the defendant being fully vaccinated against COVID-19).

On balance, the Court is not persuaded that Defendant's compassionate release is warranted by extraordinary and compelling reasons. Accordingly, the Motion must be denied.

## IV.    CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of October, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's BMI has fluctuated between 27.1 and 32.0, near the threshold for obesity. BOP lists his current condition as "overweight" and not "obese." *See* [ECF No. 135-2 at 5].